IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SALMON TROLLERS MARKETING ASSOCIATION,<br><br>　　　　Plaintiff,<br><br>　　　　v<br><br>CARLOS M GUTIRREZ, Secretary of Commerce, et al,<br><br>　　　　Defendants.<br>_____/ | No　C　06-3451　VRW<br><br>ORDER |

　　　　Plaintiff Salmon Trollers Marketing Association (STMA) brings this action against the Secretary of Commerce, the National Marine Fisheries Service (NMFS), two NMFS officials and the California Department of Fish and Game, challenging regulations promulgated pursuant to section 305 of the Magnuson-Stevens Fishery Conservation and Management Act (the "Magnuson-Stevens Act"), 16 USC § 1855.  Doc #1 (Compl); Doc #3 (Amended Compl).  STMA petitions for expedited review and a temporary restraining order and/or a preliminary injunction against the enforcement of the challenged regulation.  Doc #5.  In their opposing memoranda,

federal defendants argue that the manner of service of process is defective. The court construes the government's objection as a motion to dismiss pursuant to FRCP 12(b)(5).

FRCP 4(i) spells out the requirements for serving process upon federal agencies, corporations or officers sued in their official capacities. First, the plaintiff must satisfy all requirements for service upon the United States. FRCP 4(i)(1)(A) and (B). In all cases, this means that the plaintiff must deliver a copy of the summons and complaint via registered or certified mail to (1) the United States attorney for the district in which the action is brought and (2) the Attorney General of the United States. Id. Additionally, to effect service on defendant NMFS, the plaintiff must deliver a copy of the summons and complaint via registered or certified mail to the federal officer, employee, agency or corporation named as a defendant. FRCP 4(i)(2)(A).

STMA posits that "service was strictly complied with in accordance with the Federal Rules of Civil Procedure." Doc #10 (Reply) at 3. That, unfortunately, is clearly not the case. STMA's proof of service indicates that STMA delivered copies of the amended complaint and petition for expedited review to four of the five named defendants. See Doc #8 (Second Lerman Decl). STMA does not dispute that it has <u>not</u> served the United States attorney or the Attorney General. See Reply at 2-3. Moreover, it is not clear that the named defendants who were served with a copy of the amended complaint were also served with a copy of the summons as required by Rule 4(i).

//
//

Counsel for STMA does not attempt to show good cause for excusing non-compliance with Rule 4(i).  And it is unlikely counsel could make such a showing, for "a lawyer who does not read the rules lacks good cause."  <u>Tuke v United States</u>, 76 F3d 155, 157 (7th Cir 1996).

Without citation to authority, STMA suggests that electronic filing is a cure-all for defective service.  Although electronic filing might be an acceptable means for effectuating service of filings <u>after</u> initial process has been served and the defendant has made an appearance, electronic filing is no substitute for initial service of process, the mechanics of which are spelt out in some detail by Rule 4.

Finally, STMA argues that there is no question that the federal defendants received STMA's filings because those filings are referenced throughout the federal defendants' opposition.  But actual notice is no substitute for strict compliance with Rule 4.  See, for example, <u>Tuke</u>, 76 F3d at 156-58.

The court understands that the Magnuson-Stevens Act provides for expedited proceedings and that STMA seeks timely relief.  But the simple facts are that STMA failed promptly to serve the summons and original complaint and its service of the amended complaint is plainly defective.  Thus, any exigency that may exist is of STMA's own creation and does not justify departure from the clear requirements prescribed by Rule 4.

//
//
//
//

1  Service is hereby QUASHED. STMA may cure defects in
2 service within the time limitations provided by Rule 4(m).
3 Further, pursuant to Rule 4(*l*), the court hereby allows STMA to
4 amend its proof of service. The court will not address the merits
5 of plaintiffs' filing unless and until plaintiff timely cures the
6 defects identified by this order.

9  SO ORDERED.

VAUGHN R WALKER

United States District Chief Judge